*The Law Office of Mark F. Willimann, LLC*
Mark F. Willimann, AZ Bar No. 017556
P.O. Box 91010
Tucson, AZ 85752
Tel: (520) 579-6622
Fax: (520) 203-0203
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JESUS VALENCIA,<br><br>    Defendant. | CR 11-434-TUC-CKJ<br><br>DISPOSITION MEMORANDUM |

Mr. Jesus Valencia respectfully submits that the Court consider the following before pronouncing a Disposition result in his matter.

HISTORY OF CASE:

On January 4, 2011, the government arrested Mr. Valencia transporting aliens.

On May 12, 2011, he was sentenced to "the Bureau of Prisons for a term of FIVE (5) MONTHS, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of TWO (2) YEARS."[1]

---

[1] See Judgment In A Criminal Case, CR 11-434-TUC-CKJ, (Signed by: Fred Van

1

1   Thus, Mr. Valencia would have started his term of supervised release on, or
2   about, June 3, 2011. (150 days after the date of arrest.)
3   Unfortunately, Mr. Valencia violated his terms of probation and on May 31,
4
5   2012, the Court "REVOKED" his original term of supervised release, sentenced him
6   to a term of SEVEN (7) months, and place him on a "term of TWENTY-FOUR (24)
7   MONTHS supervision to follow."
8
9   LAW:
10  Pursuant to 18 U.S.C. § 3583(h),
11
12  > When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. *The length of such term of supervised release* **shall not exceed the term of the supervised release authorized by statute for the offense that resulted in the original term of supervised release, <u>less any term of imprisonment that was imposed upon revocation of supervised release.</u>"** (Emphasis added.)
13
14
15
16
17
18  When the Court sentenced Mr. Valencia to serve 7-months, it needed to
19  reduce this amount of time from the original term of probation ordered on May 12,
20
21  2011, which was "TWENTY-FOUR (24) MONTHS." Therefore, the longest term
22  of supervision that could be possible on May 31, 2012, would be 24-month "less any
23  term of imprisonment that was imposed upon revocation of supervised release,"
24
25  which in this case was 7-months, which means that he had only 17 months left to
26  serve of his original supervised release conditions.
27  According to the United States Probation's Memorandum, Mr. Valencia was
28

Sickle.)

released from serving his 7-months on October 27, 2012, which means that he would be free from all supervision 17-months later, which would have been March 27, 2014.

Nevertheless, U.S. Probation calculated Mr. Valencia's end of probation as October 27, 2014, which is inconsistent with 18 U.S.C. § 3583, and the recent ruling on this issue in *United States v. Mark William Hertler,* 13-30273 (9th Cir. 1-15-2105).

As a result, Mr. Valencia could not have violated his terms of probation occurring between May 2014 and August 2014, because he would have already completed his term of probation in March of 2014.

Unfortunately for Mr. Valencia, undersigned counsel did not recognize this subtle nuance in the law until the Ninth Circuit Court of Appeals published its *Hertler* ruling today. Had he had known, Mr. Valencia would not have spent the holidays in custody.

For the foregoing reason, Mr. Jesus Valencia respectfully requests that he be given time served.

Respectfully submitted this 15th day of January 2015.

*s/Mark F. Willimann*
Mark F. Willimann, Esq.
Representing Mr. Jesus Valencia