JOHN S. LEONARDO
United States Attorney
District of Arizona
Brian R. Decker
Assistant U.S. Attorney
State Bar No. 027449
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: brian.decker@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-434-TUC-CKJ |
| Plaintiff, | |
| vs. | Response to Defendant's Disposition Memorandum |
| Jesus Valencia, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, responds to the argument in the disposition memorandum of the defendant, Jesus Valencia, concerning his prior sentence.

Valencia argues that the Court should sentence him to time served because he should not have been on supervised release at the time he violated its terms. He argues that his May 2012 sentence upon his previous violation of supervised release—seven months' imprisonment plus twenty-four months' supervised release—went beyond a twenty-four-month limitation on his total term of supervised release.

That's where Valencia errs. The authorized term of supervised release for a felony of Valencia's grade is three years, not two.[1] That the original sentence in May 2011 only had twenty-four months of supervised release does not place any limitation on future

---

[1] *See* 18 U.S.C. § 3583(b)(2).

dispositions for violations of the terms of release. Nothing in the new case Valencia cited, *United States v. Hertler*,[2] suggests otherwise.

Valencia is correct that section 3583(h) places a limitation on the total time—incarceration plus supervised release to follow—that the Court may impose upon revocation. That limitation applied in May 2012 as it does at this week's disposition hearing. But the limit has nothing to do with twenty-four months. Incarceration plus supervised release to follow must, in Valencia's case, not exceed thirty-six months. His May 2012 sentence fell well within that limitation.

Valencia admitted his violation without a written agreement. The Court may now consider the time-served sentence he requests, or it may consider a guideline sentence of between seven and thirteen months, or it may consider any sentence that does not exceed thirty-six months when totaling custody and release time. But in considering any of these sentences, the Court should not take into account the fact that his prior sentence was illegal and he shouldn't have been on supervised release at the time of his violation—because that's not correct.

Respectfully submitted this 21st day of January, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Brian R. Decker*

BRIAN R. DECKER
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 21st day of January, 2015, to:

Mark Willimann, Esq.

---

[2] No. 13-30273, 2015 WL 178350 (9th Cir. Jan. 15, 2015).